IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TRAVIS BARRETT NAVE,**

    **Plaintiff,**

vs.	Case No. 4:15cv376-WS/CAS

**DR. SCHLOFMAN,**
**DR. MACHADO-PELLOT,**
**DON WHITFIELD,**
**and J. WEBSTER,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Summary judgment has been granted in favor of three of the four named Defendants: Dr. Veronica Machado-Pellot, Dr. Jimmy Webster, and Don Whitfield. ECF No. 60. The case was remanded for further proceedings as to Plaintiff's remaining claim against Dr. Schlofman.

Dr. Schlofman filed a motion to dismiss, ECF No. 52, asserting that Plaintiff did not exhaust his administrative remedies as to the claim against him prior to filing suit. Plaintiff was directed to file his opposition to that motion no later than February 10, 2017. ECF No. 55. Plaintiff was advised

that the motion might be granted "by default" if Plaintiff did not file a memorandum in opposition as required by Local Rule 7.1(H). *Id.* As of this date, Plaintiff has not filed a response. The motion is ready for a ruling.

As an additional note, the Order advising Plaintiff of his obligation to file a response was entered on January 10, 2017. ECF No. 55. Another Order was entered three days later concerning Defendant Schlofman's obligation to pay the costs of service. ECF No. 56. That Order was returned to the Court as undeliverable. ECF No. 59. The advisory Order, ECF No. 55, however, was not returned. It is presumed Plaintiff received that Order. Additionally, the docket reflects that another address was obtained for Plaintiff and the returned Order, ECF No. 56, was re-mailed to Plaintiff. ECF No. 59. No further mail returns have been received.

It could be assumed that Plaintiff has abandoned this litigation by failing to file a notice of change of address after being transferred from the Desoto Correctional Institution Annex to a Release Center. Nearly every order entered in this case has advised Plaintiff of that responsibility, and many orders have been entered. Nevertheless, the motion to dismiss is pending and uncontested. It is recommended that the motion to dismiss, ECF No. 52, be granted.

**Motion to Dismiss, ECF No. 52**

Plaintiff initiated this case on July 27, 2015. He was a prisoner incarcerated within the Florida Department of Corrections and complained about the sufficiency of medical care he received for complaints of eye pain, headaches, vertigo, and blurry vision. ECF No. 1. Plaintiff's claim, thus, concerns the conditions of his confinement. Defendant argues that Plaintiff was required to exhausted administrative remedies pursuant to Florida's grievance procedures as outlined in the Florida Administrative Code. ECF No. 52 at 4. Defendant submitted an affidavit which declares that Plaintiff did not file "any grievances that reference the medical care provided" to Plaintiff from Dr. Schlofman. ECF No. 52 at 6; ECF No. 52-1.

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74). 'If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).[1] The burden of proof for evaluating an exhaustion defense rests with the defendant. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

---

[1] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

**Analysis**

The Prison Litigation Reform Act [PLRA] requires prisoners to exhaust "such administrative remedies as are available" prior to filing a § 1983 action. 42 U.S.C. § 1997e(a). The Supreme Court has clarified that exhaustion means "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (cited in Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015)). "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (quoted in Woodford, 548 U.S. at 88, 126 S. Ct. at 2384-85).

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."

Woodford, 548 U.S. at 90, 126 S. Ct. at 2385 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

To determine "proper exhaustion" in prisoner civil rights actions, courts look to the requirements of the "prison grievance system."

Woodford, 548 U.S. at 95, 126 S. Ct. at 2388 (stating "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). Thus, a prisoner must comply with rules which "are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218, 127 S. Ct. at 922-23.

Pursuant to the Department's rules governing inmate grievances, inmates may file complaints regarding "[c]onditions of care or supervision within the authority of the Florida Department of Corrections." FLA. ADMIN. CODE R. 33-103.001(4)(e). Inmates who desire to file a "medical grievance" may skip the first step of the grievance process. FLA. ADMIN. CODE R. 33-103.005(a). Medical issues must be presented through a Formal Grievance and, if dissatisfied with the response, a grievance Appeal to the Secretary's Office. FLA. ADMIN. CODE R. 33-103.006(3)(e); FLA. ADMIN. CODE R. 33-103.007(1).

Plaintiff had an avenue in which to complain about the medical care he received from Defendant Schlofman. *See* ECF No. 52-1 at 3-4. All inmates receive training in using the grievance procedures and assistance

Case No. 4:15cv376-WS/CAS

my be provided through the institution's library if requested. *Id.* at 3. Logs are made of all grievances. ECF No. 52-1 at 5. The affidavit submitted by Mr. McManus demonstrates that Plaintiff did not file "any grievances that reference the medical care provided by Leonard Schlofman, O.D." *Id.* Plaintiff has not come forward to rebut that assertion. Accordingly, because Plaintiff did not exhaust administrative remedies, the complaint against Defendant Schlofman must be dismissed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 52, filed by Dr. Leonard Schlofman be **GRANTED** and this case be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within**

**fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**